**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM, <br><br> Plaintiff, <br><br> v. <br><br> REED HASTINGS, et al., <br><br> Defendants. | Case No. 18-cv-02107-BLF <br><br> **ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL, AS MODIFIED BY NOMINAL DEFENDANT NETFLIX'S NARROWED REDACTIONS** <br><br> [Re: ECF 3, 12] |

Plaintiff City of Birmingham Relief and Retirement System ("Plaintiff") has filed a redacted Verified Shareholder Derivative Complaint ("Complaint") against Defendants along with an administrative motion to seal portions of the Complaint because it references content designated by Nominal Defendant Netflix, Inc. ("Netflix") as confidential pursuant to a Confidentiality Agreement. *See* ECF 3. Plaintiff explains that it takes no position as to whether the information referenced in the Complaint is confidential, and Netflix's designation is Plaintiff's only basis for the requested redactions. *Id.* Netflix has properly filed supporting declarations as the designating party, conceding that some of the redactions are unnecessary but arguing that compelling reasons exist to seal certain internal non-public financial information. *See* ECF 12. For the reasons that follow, Plaintiff's administrative motion to file under seal at ECF 3 is GRANTED as modified by Netflix's narrowed redactions.

**I.   LEGAL STANDARD**

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the

1  burden of overcoming this presumption by articulating "compelling reasons supported by specific
2  factual findings that outweigh the general history of access and the public policies favoring
3  disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such
4  "'court files might have become a vehicle for improper purposes,' such as the use of records to
5  gratify private spite, promote public scandal, circulate libelous statements, or release trade
6  secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However,
7  "[t]he mere fact that the production of records may lead to a litigant's embarrassment,
8  incrimination, or exposure to further litigation will not, without more, compel the court to seal its
9  records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is
10 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*,
11 809 F.3d 1092, 1097 (9th Cir. 2016).

12 "Despite this strong preference for public access, [the Ninth Circuit has] carved out an
13 exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the
14 merits of a case," *id*. at 1101. Parties moving to seal such records need only make a
15 "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure
16 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

17 In this District, parties seeking to seal judicial records must also follow Civil Local Rule
18 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of
19 sealable material." Civil L.R. 79-5(b). Pursuant to Civil Local Rule 79-5(d)(1)(A), "[r]eference to
20 a stipulation or protective order that allows a party to designate certain documents as confidential
21 is not sufficient to establish that a document, or portions thereof, are sealable." Rather, if the sole
22 basis of a party's request to seal is that the document at issue was previously designated as
23 confidential or subject to a protective order, then the procedures detailed in Civil L.R. 79-5(e)
24 apply. Civ. L. R. 79-5(d)(1)(A). Those procedures require that within 4 days of the filing of the
25 motion to seal, the designating party must file a declaration establishing that all of the designated
26 material is sealable. Civ. L. R. 79-5(e)(1). In other words, where the submitting party seeks to
27 file under seal a document designated confidential by another party, the burden of articulating
28 compelling reasons for sealing is placed on the party designating that material as confidential. *Id.*

**II. DISCUSSION**

The parties have complied with Civil Local Rules 7-11 and 79-5(d) and (e). Netflix, as the designating party, timely filed declarations in support of Plaintiff's administrative motion to seal portions of the Complaint pursuant to the Confidentiality Agreement. *See* Declaration of Rodney G. Strickland ("Strickland Decl."), ECF 12. According to the Strickland Declaration, Netflix reviewed Plaintiff's proposed redactions and determined that the majority of them are unnecessary. *Id.* ¶ 3. However, Netflix asserts that a compelling reason exists to seal certain limited information in the Complaint consisting of internal non-public financial information. *Id.* Netflix attaches a proposed public version of the Complaint as Exhibit A to the Strickland Declaration. *See* ECF 12-1.

Because the motion to seal relates to the filing of the Complaint, which is the operative pleading and more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard. The Court has reviewed Netflix's proposed redactions and the declarations of Rodney G. Strickland and Mark Yurechko in support thereof. *See* Strickland Decl., *see also* Declaration of Mark Yurechko ("Yurechko Decl."), ECF 12-2. The Court also notes that Plaintiff has not opposed Netflix's narrowed redactions and takes no position as to whether the designated material is confidential. *See* ECF 3.

According to the Yurechko declaration, although most of the information originally redacted by Plaintiff can be made public, certain information should remain sealed because it contains Netflix's non-public projected financial results and actual financial data shared with Netflix's board of directors each quarter. Yurechko Decl. ¶¶ 3-4. Yurechko, Netflix's Vice President of Financial Planning & Analysis, declares that this financial information is confidential and commercially sensitive because it would provide Netflix's competitors with an unfair advantage if disclosed. *Id.* ¶ 4. Netflix's proposed redactions also substantially narrow the original redactions proposed by Plaintiff pursuant to the Confidentiality Agreement. ECF 12-1.

The Court finds that Netflix has articulated compelling reasons to seal the requested portions of the Complaint. The information that Netflix requests to seal includes confidential, non-public financial information, the disclosure of which would cause competitive and business

3

harm to Netflix.  The proposed redactions are also narrowly tailored to exclude only sealable material as required by Civil L.R. 79-5(b).  *See* ECF 12-1.  Accordingly, Plaintiff's Administrative Motion to Seal is GRANTED with respect to the following portions of the Complaint:

| Page | Line |
|------|------|
| 21 | 28 |
| 22 | 14-15, 22-24 |
| 23 | 9, 13-14, 20, 26 |
| 24 | 11, 17 |
| 25 | 2, 8, 15, 17, 21, 27 |
| 26 | 1-2, 5, 13, 18-19, 25 |
| 27 | 1, 8, 22 |

Plaintiff is hereby ORDERED to file Netflix's version of the Complaint (ECF 12-1) with the narrow redactions approved by this Order in the docket in this case **on or before April 20, 2018**.

**IT IS SO ORDERED.**

Dated: April 17, 2018

_____
BETH LABSON FREEMAN
United States District Judge