UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>REED HASTINGS, et al.,<br><br>Defendants. | Case No. 18-cv-02107-BLF<br><br>**ORDER GRANTING NOMINAL DEFENDANT NETFLIX'S ADMINISTRATIVE MOTION TO SEAL PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS; VACATING ORDER AT ECF 38**<br><br>[Re: ECF 39] |

On August 24, 2018, Plaintiff City of Birmingham Relief and Retirement System ("Plaintiff") filed an administrative motion to seal Netflix's expected global streaming revenue for the second quarter of 2015 in its opposition to Defendants' and Nominal Defendant Netflix's ("Netflix") motions to dismiss, indicating that Netflix had designated the revenue figure as confidential. *See* ECF 36. As the designating party, Netflix was required to file a declaration in support of the motion to seal within four days. *See* Civ. L.R. 79-5(e)(1). Netflix failed to meet this deadline, and the Court ordered Plaintiff to file an unredacted version of its opposition. Netflix now moves the Court to order that the relevant portion of the opposition remain under seal. *See* Mot., ECF 39. Plaintiff does not oppose the motion. *See* Eggleton Decl. ¶ 10, ECF 39-1.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

Netflix argues that the figure reflecting its expected global streaming revenue for the second quarter of 2015 is sensitive, confidential financial information, the disclosure of which would cause competitive and business harm to Netflix because a competitor might use it to, for example, gain insight into Netflix's margins, commercial strategies, and internal operating procedures. *See* Mot. at 2; Eggleton Decl. Ex. A ¶ 4. Moreover, this Court has previously allowed this same monetary figure to be filed under seal. *See* ECF 20; Eggleton Decl. ¶ 7. The Court agrees with Netflix, as it has previously held, that release of this confidential business information could harm Netflix. Moreover, the proposed redactions are narrowly tailored to exclude only sealable material as required by Civil L.R. 79-5(b).

As such, Netflix's motion to seal the monetary figure at page 2, line 24 of Plaintiff's opposition to the motions to dismiss is GRANTED. The Court's previous order (ECF 38) directing Plaintiff to file the unredacted version of the opposition on the docket is VACATED, and Plaintiff is ORDERED not to file the unredacted version of the opposition. Because Plaintiff has publicly filed a redacted version and filed under seal an unredacted version, no further action is necessary.

**IT IS SO ORDERED.**

Dated: September 4, 2018

*[signature: Beth Labson Freeman]*

BETH LABSON FREEMAN
United States District Judge