**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>REED HASTINGS, et al.,<br><br>Defendants. | Case No. 18-cv-02107-BLF<br><br>**ORDER GRANTING NOMINAL DEFENDANT NETFLIX'S ADMINISTRATIVE MOTION TO KEEP UNDER SEAL PORTIONS OF THE ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DIRECTING DEFENDANT TO PUBLICLY FILE DOCUMENT**<br><br>[Re: ECF 48] |

On February 13, 2019, the Court issued under seal its Order Granting Motion to Dismiss with Leave to Amend. ECF 46. The Court directed the parties to confer and submit proposed redactions to the Order. ECF 47. Nominal Defendant Netflix moves to seal certain financial projections included in the order that the Court has previously allowed to be filed under seal, which Plaintiff does not oppose. *See* Mot. at 2–3, ECF 48; Eggleton Decl. ¶ 3, ECF 48-1.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

1  A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

Netflix argues that the figures reflecting its projected global streaming revenues are sensitive, confidential financial information, the disclosure of which would cause competitive and business harm to Netflix because a competitor might use it to, for example, gain insight into Netflix's margins, commercial strategies, and internal operating procedures. *See* Yurechko Decl. ¶ 4, ECF 48-3. This Court has previously allowed these same figures to be filed under seal. *See* ECF 20; ECF 40. The Court agrees with Netflix, as it has previously held, that release of this confidential business information could harm Netflix. As such, compelling reasons exist to keep these figures under seal. Moreover, the proposed redactions are narrowly tailored to exclude only sealable material as required by Civil L.R. 79-5(b).

Netflix's motion to seal the monetary figures at page 4, lines 5–7 and page 12, lines 5–7 of the Court's Order Granting Motion to Dismiss with Leave to Amend is GRANTED. Netflix is ORDERED to publicly file the redacted version of the Order (ECF 48-2) on the docket **on or before March 8, 2019**.

**IT IS SO ORDERED.**

Dated: March 4, 2019

_____
BETH LABSON FREEMAN
United States District Judge